In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-2883

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JACK HARGROVE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 CR 779—**James B. Moran**, *Judge.*

ARGUED OCTOBER 20, 2008—DECIDED AUGUST 26, 2009

Before BAUER, KANNE and WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge.* Jack Hargrove was charged with seven counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343; a single count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371; three counts of filing false tax returns in violation of 26 U.S.C. § 7206; and a single count of income tax evasion in violation of 26 U.S.C. § 7201. Before trial, Hargrove moved to dismiss the mail fraud charges on the ground

that the honest-services provision of the mail fraud statute, 18 U.S.C. § 1346, is unconstitutionally vague. The district court denied the motion and the case proceeded to trial. Hargrove was convicted of all charges except income tax evasion and one count of filing false tax returns, on which he was acquitted. On appeal, Hargrove renews his challenge to the constitutionality of the mail fraud statute; we affirm.

## I. BACKGROUND

Hargrove and Laurence Capriotti were co-owners of Intercounty Title Company of Illinois ("Intercounty"), a Chicago-based title insurance and escrow agent. The company sold title insurance policies issued by Stewart Title Guaranty Company.

By the late 1980s, Intercounty was running an annual deficit in the millions as the result of a price war in the title insurance market. To cover its losses, Intercounty invested in junk bonds in the hopes that the bond yield would outperform their real estate obligations. The plan backfired, and Intercounty got itself into a hole from which it never recovered.

Over a ten-year period beginning in 1990, Hargrove and other executives at Intercounty engineered numerous fraudulent schemes under which the title company's deficits were covered by thefts from its escrow account. In total, the fraudulent practices robbed Intercounty of more than $60 million.

Before trial and again at the close of evidence, Hargrove challenged the mail fraud charge on the basis that

18 U.S.C. § 1346 was unconstitutional on its face and as applied. Hargrove argued that the statute is void for its vagueness because it fails to provide adequate notice of what conduct is proscribed. The district court rejected Hargrove's challenges. The jury was allowed to consider whether Hargrove had committed mail fraud; it determined he had and returned a conviction. Hargrove appealed.

## II. DISCUSSION

On appeal, Hargrove initially raised two arguments, but he has since withdrawn one. In his brief, Hargrove raised an ineffective assistance of counsel claim, contending that his primary trial attorney suffered from either a potential or actual conflict of interest. However, at oral argument, Hargrove requested to withdraw this claim. As he correctly noted, claims of ineffective assistance of counsel are disfavored on direct appeal because the factual foundation for such claims is often undeveloped. Hargrove requested the opportunity to build a more complete record for his claim and we granted his request to do so.

Hargrove's remaining claim is a challenge to the constitutionality of the mail fraud statute under which he was convicted. He contends that 18 U.S.C. § 1346 is void for vagueness because it does not define the criminal offense with sufficient definiteness such that ordinary people can understand what conduct is prohibited and, moreover, it encourages arbitrary and discriminatory enforcement. According to Hargrove, he could not have

known that the conduct underlying his convictions could be considered to have deprived another of the "intangible right of honest services" under § 1346.

The constitutionality of a statute is an issue of law which we review de novo. *United States v. Olofson*, 563 F.3d 652, 659 (7th Cir. 2009). As Hargrove acknowledges, this Court has soundly rejected the claim that the mail fraud statute, as applied to an intangible-rights theory, is void for vagueness. *United States v. Hausman*, 345 F.3d 952, 958 (7th Cir. 2003); *United States v. Warner*, 498 F.3d 666, 697 (7th Cir. 2007). In Hargrove's brief, he argues that the issue may be ripe for reconsideration in light of *United States v. Thompson*, 484 F.3d 877 (7th Cir. 2007). However, he fails to posit any reason why *Thompson* conceivably could undermine *Hausman*. *Thompson* did nothing to disturb the central holding of *Hausman*, which is that the mail and wire fraud statutes, §§ 1341, 1343 and 1346, are not unconstitutionally vague, as applied under the intangible-rights theory.

At oral argument, Hargrove informed this Court that he has raised the claim solely for the purposes of preserving the issue in the event that the Supreme Court chooses to consider it at some future date. Fair enough.

For the foregoing reasons, we AFFIRM the judgment of the district court.